THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH DORN, Defendant.

Supreme Court, Special Term, New York County, January 27, 1944.

*Nathaniel L. Goldstein, Attorney-General (John W. M. Rutenberg* of counsel), for plaintiff.

*Jacob Gerstein* for defendant.

Koch, J. This is an application for a temporary injunction enjoining the defendant from engaging in the business of selling securities. The action is brought to obtain a permanent injunction pursuant to the provisions of article 23-A of the General Business Law (Martin Act). The People apparently contend that a previous conviction of the defendant of fraudulent practice in the sale of securities by the Federal court, on defendant's plea of guilty, deprives this court of discretion to determine whether under all the facts and circumstances a temporary injunction should be granted in this action.

The defendant contends that he did not engage in fraudulent practices, that his plea of guilty should not have been made and was forced upon him because of circumstances, and that in any event he is not now engaged in selling securities and there is no compelling reason for granting the temporary injunction. An application for a stay or a temporary injunction in connection with an order for examination of witnesses before an action is commenced is authorized (General Business Law, § 354). Just what can be enjoined is not quite clear. It could hardly be contended that section 354 contemplates a stay or an injunction against conducting a lawful business in securities before the witness to be examined has had an opportunity to be heard. It seems obvious that the stay or injunction so authorized contemplates enjoined fraudulent practices in the sale of securities. This application is not in connection with an examination of a witness but seeks to enjoin defendant from conducting a lawful business. It appears to be addressed to the general equity power of the court rather than under the provisions of section 354 of the General Business Law. If the defendant has engaged in fraudulent practices the Attorney-General may apply for a permanent injunction. This provision of the statute is quite clear (General Business Law, § 353). The Legislature has said that this State shall not tolerate fraudulent practices in the sale of securities and a person who indulges in such practices forfeits the right to engage in the securities business forever. The statute provides the customary means by which he may be effectually prevented from doing so. The wisdom of the Legislature in imposing such an extreme penalty is not for the courts to determine. The

determination of whether or not the defendant has engaged in fraudulent practices, however, is a judicial question. Proof has been offered of a conviction of a violation of the Federal statute against using the mails to defraud. The violation involved the sale of securities and it may be that, for the purposes of the action that is brought here, such a conviction gives rise to a presumption that the defendant has engaged in the practices which the statute prescribes as a basis for a permanent injunction. It may eventually be determined that such a conviction creates a conclusive presumption. Suffice it to say that the Legislature has not so provided nor has any decision been called to the court's attention so construing the statute. How far the defendant may be permitted to go in establishing proof of his denial in the face of a conviction in the Federal court based on his own plea of guilty is for the trier of the facts to pass upon. Such an issue ought not to be summarily determined on an application for a temporary injunction. Perhaps when the statute has been submitted to judicial scrutiny and a more considered interpretation, questions which are now obscure may become clarified. Perhaps in a case where no doubt exists as to whether defendant's past conduct meets the statutory prerequisite, or when his present conduct requires that the People be protected against his alleged fraudulent practices, it may be proper for the court to issue a temporary injunction. On the facts presented here the motion is denied.